**UNITED STATES of America**

v.

**Nancy MAZZUCA, Appellant.**

No. 04–3381.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) July 15, 2005.

Decided July 20, 2005.

Louis D. Lappen, Office of United States Attorney, Philadelphia, PA, for United States of America.

Elaine DeMasse, Defender Association of Philadelphia, Federal Court Division, Philadelphia, PA, for Nancy Mazzuca.

Before: SLOVITER, MCKEE and WEIS, Circuit Judges.

*OPINION*

WEIS, Circuit Judge.

Defendant was convicted on counts of perjury and obstruction of justice in the District Court and a sentence of 15 months incarceration was imposed by the trial judge. The sentence was calculated according to the Sentencing Guidelines.

Shortly before sentence was imposed, the United States Supreme Court decided *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), in an opinion which cast doubt on the validity of the Guidelines. Recognizing the uncer-

tainty in the sentencing area, the Assistant United States Attorney called the District Court's attention to the possibility that *Blakely* might be applicable. The trial judge responded:

"My sentence, in this case, would be exactly the same. I've already stated that, should the obstruction of justice adjustment not be applicable, either because I am wrong about the law, or because *Blakely* would affect it, we would then be in offense level 12, and the range for offense level 12 is 10 to 16 months for someone in Ms. Mazzuca's situation, that has no criminal history points, and my sentence would still be 15 months in prison.

"[U.S. Attorney]: And then, likewise, Your Honor, just for the record, assuming that the Guidelines were found completely unconstitutional and Your Honor had complete discretion, would the sentence then be the same? "The Court: The sentence would be 15 months." (App.584a–85a)."

The question whether we should remand a case like this for resentencing in accordance with *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), was decided in *United States v. Hill*, 411 F.3d 425 (3d Cir.2005). There, we said: "we now join several of our sister circuits and conclude that where, as here, a District Court clearly indicates that an alternative sentence would be identical to the sentence imposed under the Guidelines, any error that may attach to a defendant's sentence under *Booker* is harmless." *Hill*, 411 F.3d at 426.

Accordingly, we will affirm the Judgment and Sentence.